IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARL HUTTO, # 148575, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:17cv205-WHA (WO) |
| LAWRENCE COUNTY, ALABAMA, *et al.*, | ) ) | |
| Respondents. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a petition for writ of habeas corpus filed by Carl Hutto ("Hutto"), a state inmate incarcerated at Elmore Correctional Facility in Elmore, Alabama. (Doc. No. 1.) Hutto presents claims challenging the validity of his 1987 murder conviction in the Lawrence County Circuit Court, for which he was sentenced to life imprisonment.

# DISCUSSION

Because a state prisoner seeking to challenge his conviction or sentence must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2254, *see, e.g., Cook v. Baker*, 139 F. App'x 167, 168 (11th Cir. 2005), Hutto's instant petition, which Hutto styles as a "Petition for Grand Writ of Habeas Corpus," should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]

---

[1] A writ of habeas corpus may issue to a prisoner under 28 U.S.C. § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Title 28

Title 28 U.S.C. § 2241(d) allows Hutto to bring a § 2254 petition in either (a) the district court for the district wherein he is in custody (here, the Middle District of Alabama, where Elmore Correctional Facility is located), or (b) the district court for the district within which the state court that convicted and sentenced him was held (here, the Northern District of Alabama, where Lawrence County is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought.").

Hutto challenges the constitutionality of his incarceration, which is based on a conviction and sentence imposed by the Lawrence County Circuit Court. Lawrence County, Alabama, is within the jurisdiction of the United States District Court for the Northern District of Alabama. Because the matters complained of by Hutto stem from his conviction and sentence imposed by the Lawrence County Circuit Court, and since the records related to Hutto's conviction and sentence are located in Lawrence County, this court finds that the furtherance of justice and judicial economy will be best served by

---

U.S.C. § 2254 "applies to a subset of those to whom § 2241(c)(3) applies." *Thomas v. Crosby,* 371 F.3d 782, 786 (11th Cir. 2004). This section "applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Id.* (quoting § 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." *Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be [another kind of habeas] petition." *Thomas,* 371 F.3d at 787.

transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 25, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 11th day of April, 2017.


         /s/  Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE