IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARL HUTTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:17cv205-WHA |
| | ) | |
| LAWRENCE COUNTY, ALABAMA, et al.,, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #2), and the Plaintiff's Objection thereto. (Doc. #3). After an independent evaluation and *de novo* review of the file, the court finds the Objections to be without merit.

The Magistrate Judge entered a recommendation that Plaintiff Hutto's petition, which he styles as a "Petition for Grand Writ of Habeas Corpus," should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and that it should be transferred under 28 U.S.C.§ 2241(d) to the USDC for the Northern District of Alabama, since he challenges his 1987 Lawrence County murder conviction.

In his Objections, Hutto seems to argue that application of the AEDPA's procedural rules to crimes that occurred before the AEDPA was enacted amounts to a violation of the Ex Post Facto Clause. However, as discussed by the D.C. Circuit Court in *United States v. Ortiz*, 136 F.3d 161, 168-69 (D.C. Cir.1998), the Supreme Court clarified in *Collins v. Youngblood*, 497 U.S. 37 (1990), that the Ex Post Facto Clause is concerned with retroactive changes to the definition of crimes, defenses, or punishments, and is not violated if a statute "does not punish as

a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with a crime of any defense available according to law at the time when the act was committed." *Collins*, 497 U.S. at 52. Hutto makes no plausible claim that the AEDPA implicates any of these changes.

As an example of the federal courts' repeated application of post-AEDPA procedural rules to pre-AEDPA crimes, the one-year limitation period in § 2244(d) has been held to apply to all petitions filed after April 1996, with the Eleventh Circuit allowing a "grace period" of one year after April 1996 for a § 2254 petition to be timely filed. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). Clearly, then, the AEDPA's procedural rules have been applied to pre-AEDPA crimes without falling afoul of the Ex Post Facto Clause.

It appears that Hutto filed his petition in this court in an attempt to avoid the AEDPA's successive petition bar, because he has had a prior 2254 petition denied by the USDC for the Northern District of Alabama, but his Objection is without merit. Therefore, it is hereby ORDERED as follows:

1. The Objection is OVERRULED.
2. The court adopts the Recommendation of the Magistrate Judge.
3. This case is transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

Done this 1st day of May, 2017.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE